The opinion" of the Court was delivered by
Inglis, J.
The Act of 1830, (6 Stat. 413,) "To alter and amend the law against horse-stealing,” provides, that "any person who shall be indicted and found guilty of stealing a *83 horse, mare, gelding, colt, filly,, mule, or ass, shall, for the first offence, receive not less than fifty lashes, nor more than two hundred, to be inflicted at such times as the Judge, before whom the case shall be tried, shall think proper, and also be fined and imprisoned at the discretion of the Court; and for the second offence, shall be adjudged and deemed guilty of felony, and suffer death, without benefit of clergy.” The Act of 1865 (13 Stat. 271) makes it “ a felony without benefit of clergy for a person to steal a horse or mule.” .If the latter of these is the only statute in force which denounces the act of larceny imputed to these defendants, the present indictment, for stealing a “colt,” cannot, consistently with the authorities, be supported, for “ colt ” is not the term of description used in the Act. (State vs. McLain, 2 Brev. 442.) If in such case the indictment had charged the stealing of a “ horse,” evidence of the larceny of a “colt ” would have sustained it, for horse . would -then be considered to have been used by the Legislature, as nomen generalissimum. (R. vs. Welland, Russ. & Ry. 494; State vs. Dunnovant, 3 Brev. 9.) On the other hand, while the Act of 1830 was the whole law of this subject, an indictment for stealing a horse would not have been supported by proof of the larceny of a “ colt,” for the statute having used both “ horse ” and “ colt,” it must be inferred that the General Assembly did not consider them synonymous. (R. vs. Cooke, 2 East P. C. 617.) The Act of 1865, (13 Stat. 271,) “ To amend the criminal law,” although making very great changes, both in the legal character of offences and in the nature and degree of their punishment, nowhere in express terms repeals any previously existing statutes. The distinction, in the mind of the General Assembly, between “ horses ” and “ colts,” having been manifested by the course of previous legislation on this subject, whatever repeal is implied in a change of the incidents and consequences of conviction introduced by the new statute must be restricted to the subjects which the latter statute in terms selects from the *84 old enumeration, and cannot be further extended. Except as to the larceny of “ horses ” and “ mules,” the Act of 1865 does not affect the continuing force of the Act of 1830 ;• and this latter constitutes the whole law of the present case, defining both the offence and its punishment. In this view of the law, the indictment is not liable to the objections raised by the motion in arrest of judgment, and this motion is dismissed.
The indictment contains three counts, of which the first charges all the defendants, as principals, with the larceny of the colt; the second charges Warren T. Major and Hiram Major as principals, and Daniel Major as accessory before the fact, with the same offence; and the third charges all with receiving the colt stolen by some other, knowing it to have been stolen. The verdict is — “Warren T. Major and Hiram Major guilty; Daniel Major guilty of petit larceny.” On an indictment for larceny, the jury may find the defendants “ guilty of petit larceny,” for this is necessarily included in the general charge. (State vs. Wood, 1 Mill C. R. 29.) But if two are indicted together for stealing the same goods, one cannot be convicted of grand and the other of petit larceny, for the subject of the theft cannot have different values according to the agency of one or the other party; if guilty at all, they must both be guilty of the same grade of offence. (State vs. Larumbo, Harp. 183; State vs. Wilson & Davis, 3 McC. 187.) Horse-stealing is taken out of the general class, and made a substantial, independent offence, including within itself no minor grade; it is single and simple, involving in its constitution but the one fact of stealing, the particular value of the thing stolen being made by the statute wholly immaterial to the fact or degree of guilt. To an indictment for this offence, though against a single defendant, a finding of “ petit* larceny ” is no response: such a finding is not a verdict. (State vs. Spurgin, 1 McC. 252.) Daniel Major must be remanded for trial.
Of what offence are Warren T. Major and Hiram Major *85 guilty, and what punishment shall be awarded to them ? It has been seen that they are charged in one count with stealing the colt, and in the other with receiving it from the thief, knowing it to have been stolen. These are in their nature distinct offences — the one a felony, punished, if this be the first conviction, with fine and imprisonment, at discretion, and with whipping, within certain defined limits as to the number of the lashes, and, if this be the second* conviction, with death; and in either case rendering the convict infamous: the other a misdemeanor, punished with imprisonment and whipping at discretion. Are the defendants guilty of the felony, or of the misdemeanor ? Shall they suffer the consequences of the one or of the other conviction ? Or has the jury found them guilty of both offences ? This cannot be. If these were several distinct transactions, charged' as separate offences, in as many several counts, the general finding might be susceptible of this interpretation. But here it is manifest, from the pleadings and the evidence, that though the offences charged in the several counts are distinct, the same transaction is the subject of all; and the State’s doubt, implied in the multiplication of counts, was, whether the participation of the defendants in that one transaction, if any, was such as to constitute the one offence or the other — the felony or the misdemeanor. It could not constitute both offences: the defendants could not in the one transaction.be both thief and receiver. And this doubt is not solved by the verdict. The present is not the case of a general verdict upon an. indictment in which the charge of the same felony is repeated in different counts, varied only in respect to the subordinate circumstances, in order„,to meet, out of several forms which the proof may assume, that which will appear on the trial, and where the punishment is the same, to whichever of the counts the verdict is referred. Such was Granlc’s case, 2 Bail. 66. Nor is it the case of a general verdict on an indictment containing several counts charging offences of the same general nature, but different degrees, *86 where each higher necessarily includes all the lower grades, distinguished from them by an aggravation of guilt and a corresponding increase in the measure, but not variation in the kind of penalty, and where the less offence being merged in the greater, the general verdict shall be taken to have found the highest grade, if the proof be applicable to it. This was the case of Tidwell and Lawhorn, 5 Strob. 1. It is rather the case of distinct counts in the indictment, each charging the prisoner with a distinct and independent offence, for each of which offences the law has provided a different and distinct punishment, where the general verdict not showing of which offence he is guilty, the Court cannot know what judgment to pronounce. This was Montagu's case, 2 McC. 258. Here there is the further circumstance already adverted to, that the offences are, in the particular instance, inconsistent with each other: the defendants cannot be guilty of both. This was Anderson's case, apart from the defect in one count. (1 Strob. 453.) In such a case, if the Court should look into the evidence, in order to discover to which of the alleged offences it points, and interpret the verdict according to its judgment as to whether the one or the other has been proved, it would be assuming the functions of the jury, and supjdlying, by its own conclusion as to the degree of guilt, that which the jury ought to have, but has not found. It seems to the Court that a new trial is necessary to ascertain specifically the sense of the jury, that the Court may be enabled to award the punishment which the law affixes to the particular offencé of which the defendants have been guilty.
The motipn for a new trial is granted.
Dunkin, C. J., and Wardlaw, A. J., concurred.

Motion granted.